UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 36 |
| v. ) | |
| ) | Chief Judge James F. Holderman |
| ) | |
| MHDE ASKAR ) | |

**GOVERNMENT'S SECOND UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for an additional 64-day extension of time, to and including June 20, 2008, in which to seek the return of an indictment or file an information against defendant Mhde Askar, for the following reasons:

1. Askar was arrested on January 17, 2008 pursuant to a criminal complaint which alleged that Askar committed wire fraud in connection with a real estate transaction in violation of Title 18, United States Code, Section 1343. Askar is currently released on bond.

2. On February 11, 2008, this Court granted the government's first Motion for an Extension of Time and extended the time in which to seek the return of an indictment or file an information to April 17, 2008.

3. The government is conducting an investigation into this case, but certain factors have led to the government's request for an additional extension. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

4.　　Given the reasons stated in the government's sealed Attachment, the sixty-one days granted to the government through the first extension request pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against Askar based on his arrest will not be sufficient. The United States estimates that a 64-day extension from the current expiration date of April 17, 2008, to and including June 20, 2008, will be sufficient time within which to return an indictment or information in this matter.

5.　　The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

　　a.　　Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

　　b.　　Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161 (h)(8)(B)(iii); and

　　c.　　Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(8)(B)(iv).

6. The government respectfully submits that the 64-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited in the government's Attachment) exist. The government cannot complete its investigation and make a proper charging decision within the extended time allowed under Section 3161(b) of the Speedy Trial Act.

7. Counsel for the government has spoken with one of Askar's attorneys, Terrence Gillespie, who stated he has no objection to this second extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests a 64-day extension of time from April 17, 2008 through and including June 20, 2008 in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   /s Diane MacArthur
       Diane MacArthur
       Assistant United States Attorney
       United States Attorney's Office
       219 South Dearborn Street
       Chicago, Illinois  60604
       (312) 353-5352

Dated: April 10, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S SECOND UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

was served on April 10, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

    /s Diane MacArthur
Diane MacArthur
Assistant United States Attorney
Suite 500
219 South Dearborn Street
Chicago, Illinois
(312) 353-5352